UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MELODY A.[1],<br><br>　　　　　Petitioner,<br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>　　　　　Respondent. | Case No.  1:21-cv-00186-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Petitioner Melody A. brings this action under the Social Security Act ("the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner").  The Commissioner denied Petitioner's application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II of the Act.  42 U.S.C. § 401 *et seq.*  Following the Court's consideration of the Petition (Dkt. 1), the administrative record and the parties' submissions, and for the reasons that follow, the decision of the Commissioner will be affirmed.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d).  Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have the power to enter … a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 907 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d. 625, 630 (9th Cir. 2007) (quotation omitted).

**MEMORANDUM DECISION AND ORDER - 2**

# BACKGROUND

## I. Petitioner's Application

Petitioner alleges disability based on her severe irritable bowel syndrome ("IBS") and a fractured vertebra. AR 315.[3] At the time of her alleged onset date, she was 55 years of age. AR 24. She has at least a high school education and past relevant work experience as a logistics engineer. AR 23-24.

Petitioner protectively applied for Disability Insurance Benefits ("DIB") on September 13, 2016, alleging an onset date of August 15, 2013. AR 16, 107. Her application was denied initially on November 8, 2016, and on reconsideration on January 19, 2017. AR 107-125. Petitioner requested a hearing, which was held on January 11, 2018, before Administrative Law Judge ("ALJ") Russell Wolff. AR 78-106, 127-129. The ALJ denied Petitioner's claim on April 17, 2018. AR 127-138. Petitioner requested Appeals Council review. Upon review, the Appeals Council remanded on October 21, 2018. AR 143-145.

Because ALJ Wolff retired, the remand hearing was held before ALJ Stephen Marchioro on April 27, 2020. AR 15, 25. Petitioner again appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Karen Black, also testified. AR 30-54. On May 5, 2020, the ALJ issued a decision finding Petitioner not disabled.

---

[3] Citations to "AR" are to the Administrative Record (Dkt. 10.)

AR 15-25.  Petitioner requested Appeals Council review, which was denied on February 24, 2021.  AR 1-6.  Petitioner timely sought review before the Court.[4]

## II.     Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step process for determining whether a person is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At the step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 414.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(c).  A severe impairment is one "which significantly limits [the claimant's] physical and mental ability to do basic work activities[.]"  20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.  *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges as

---

[4] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Dkt. 6.)

**MEMORANDUM DECISION AND ORDER - 4**

severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disable; if not, the analysis proceeds.  *Yuckert*, 482 U.S. at 141.  At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations her impairment impose.  20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work."  *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert,* 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy.  *Id.* at 142; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).  If the Commissioner meets this burden, then the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## III.    The ALJ's Decision

At step one, the ALJ determined that Petitioner had not engaged in substantial gainful activity after her alleged onset date of August 15, 2013, through her date last insured of December 31, 2015.  AR 18.  Therefore, the ALJ continued with the sequential process.  *Id.*

At step two, the ALJ determined that Petitioner has the following severe impairments: "irritable bowel syndrome; T9 compression fracture; and degenerative disc disease." AR 18-19.

At step three, the ALJ determined that Petitioner's impairments did not meet or medically equal the severity of a listed impairment. AR 19. The ALJ next assessed Petitioner's residual functional capacity ("RFC"), finding that Petitioner

> ha[s] the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she can frequently stoop, crouch, and climb ramps or stairs. She can occasionally climb ladders, ropes, or scaffolds. She is limited to a work environment with reasonable proximity to a restroom as found in a normal office environment. She would be off task less than 5% of the day for restroom breaks beyond normal break and meal periods.

AR 19.

At step four, the ALJ found that Petitioner could perform her past relevant work as a logistics engineer. AR 23.

But at step five—considering Petitioner's age, education, work experience, and RFC—the ALJ found that a significant number of alternative jobs existed in the national economy that Petitioner could also perform, including work as a cleaner, laundry worker, or dining room attendant. AR 24.

## DISCUSSION

Petitioner contends that the ALJ committed two errors. First, Petitioner contends that the ALJ improperly rejected Petitioner's subjective symptom testimony without offering clear and convincing reasons for doing so. Pl.'s Mem. Supp. Soc. Sec. App. 9-

14, Dkt. 13. Second, Petitioner argues that the ALJ erred in the RFC finding, due to a lack of supporting evidence in the record. *Id.* at 14-17.

As explained below, the Court finds that the ALJ's decision is free from reversible legal error. First, the ALJ's rejection of Petitioner's subjective symptom testimony was supported by substantial evidence. Second, the ALJ did not err in assessing Petitioner's RFC, because Petitioner's capability of performing a reduced range of medium work is supported by the record. Accordingly, the Court will affirm the Commissioner's decision finding Petitioner not disabled.

**I.     Subjective Symptom Testimony**

*A.     Legal Standards*

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the claimant must produce objective medical evidence of one or more impairments that could reasonably be expected to produce some degree of symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptoms, but only to show that it could reasonably have caused some degree of symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear, and convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify

**MEMORANDUM DECISION AND ORDER - 7**

the testimony that he does not credit and must explain what evidence undermines the testimony. *Holohan*, 246 F.3d at 1208.  General findings are insufficient to support an adverse determination; the ALJ must rely on substantial evidence.  *Id.*  To discredit a Petitioner's testimony regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  On review, an ALJ's findings must be "properly supported by the record," and "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding [symptoms]."  *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

  B.  *Analysis*

  At the hearing before the ALJ, Petitioner testified that she stopped working on the alleged onset date because she was laid off from her employment as a logistics engineer. AR 53.  She indicated that she had not looked for other work after being laid off because she struggled with confidence going into public and the work force due to her IBS symptoms.  AR 54-55.  She indicated that, while she was working and experiencing IBS symptoms, she would attend meetings but frequently need to leave for bathroom breaks. AR 55.  She estimated that she used the restroom approximately seven to eight times per day.  AR 59.  Further, she testified that she typically spent 10 to 15 minutes in the restroom each time.  *Id.*  She indicated that simple activities, such as laughing or

**MEMORANDUM DECISION AND ORDER - 8**

coughing, could result in an accident. AR 60. Such accidents could prolong the length of the time she needed in the restroom. AR 55.

Petitioner also testified about experiencing back pain, beginning in 2014. AR 62. She testified that, after being diagnosed a fractured vertebra in February of 2015, she had to wear a full brace for a couple of months. AR 61-62. She indicated that she could no longer lift any kind of weight due to the pain. AR 59. She testified that she could stand for only about 30 minutes before experiencing back pain. AR 62. She could also only sit for 15 to 30 minutes before needing to stand up and stretch. AR 63. Petitioner also described her ability to crouch as limited and pain-inducing. AR 62. During the relevant time period, she testified spending most of the day being the primary caretaker for her elderly mother and the temporary guardian of a young child. AR 50-51. When the ALJ asked what kept her from returning to work, she testified that her symptoms experienced as a result of IBS mainly affected her inability to return to work. AR 57.

At the first step of the sequential process, the ALJ found that Petitioner's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 19. However, in applying the second step, the ALJ concluded that Petitioner's testimony about "the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Petitioner asserts that the ALJ erred in rejecting Petitioner's testimony because the ALJ failed to articulate specific, clear, and convincing findings in doing so. Pet.'s Open. Br. 9, (Dkt. 13.) Specifically, Petitioner contends that the ALJ did not provide clear and

**MEMORANDUM DECISION AND ORDER - 9**

convincing evidence to discredit the severity of symptoms and limitations alleged by Petitioner in her testimony. *Id.* The Court respectfully disagrees, and finds the ALJ provided sufficient reasons, based on substantial evidence, for rejecting Petitioner's testimony.

Considering the relevant time period,[5] there was substantial evidence that Petitioner's symptom allegations were inconsistent with the objective evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Although Petitioner testified that she stopped working mainly due to the effects of IBS, the ALJ found that the objective medical evidence did not support the severity of the symptoms that Petitioner alleged. AR 20-21. Rather, in reference to the alleged IBS symptoms, the ALJ noted that there was no treatment evidence showing IBS symptoms, such as diarrhea and bloating, during office visits between August 2013 and December 2015. AR 20-21, 415, 418, 421, 423, 484, 486, 491, 495, 567-568, 574-575, 590, 647, 832. Rather, the treatment records during the relevant

---

[5] The relevant time period is not contested. Petitioner does not argue that the ALJ should have developed the record with respect to the onset date of her impairments. When there is ambiguity or the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to fully and fairly develop the record. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Here, there are no indications that the record was either inadequate or ambiguous. Rather, undisputed evidence supports the ALJ's finding that Petitioner's onset date was August 15, 2013, because Petitioner has not engaged in substantial gainful activity since that date. Additionally, undisputed evidence supports that the date last insured was December 31, 2015.

**MEMORANDUM DECISION AND ORDER - 10**

time period indicated that Petitioner denied gastrointestinal complaints and demonstrated normal findings during physical examinations. AR 20-21, 431, 435, 442, 447, 464, 474.

Further, the ALJ relied on the record in noting that, during the relevant time period, Petitioner received no specialized gastroenterology treatment and had not been referred to a specialist. AR 21. Instead, the ALJ noted that the record indicated that Petitioner's IBS symptoms began in 2012 but improved with medication and worsened again starting in 2016. AR 21, 484, 486, 491, 495, 567-568, 574-575, 590, 647, 832. However, such deterioration is irrelevant to the ALJ's disability determination. *See Waters v. Gardner*, 452 F.2d 855, 858 (9th Cir. 1971) ("Any deterioration in [Plaintiff's] condition subsequent to [the date last insured] is, of course, irrelevant."). The ALJ noted that worsening symptoms after the date last insured can only be used to establish a disability if it can reasonably "relate back" to Petitioner's condition prior to the date last insured. However, this narrow exception does not apply to Petitioner's IBS-related symptoms because, during and immediately surrounding the relevant period, Petitioner denied gastrointestinal complaints and had generally normal physical examination findings. AR 20-21, 431, 435, 442, 447, 464, 474. Because the medical records support Petitioner's experience of IBS symptoms only before and after the relevant period, the ALJ reasonably relied on the symptom denials and lack of treatment during the relevant period in discounting Petitioner's symptom testimony. AR 20-21, 415, 418, 421, 423, 484, 486, 491, 495, 567-568, 574-575, 590, 647, 832.

In reference to Petitioner's back pain symptoms, the ALJ noted that diagnostic imaging showed no degenerative change in comparison to initial injury imaging taken in

**MEMORANDUM DECISION AND ORDER - 11**

February of 2015.  AR 21.  An April 2015 X-ray image of Petitioner's spine showed "no change in severity of compression fracture deformity."  AR 21 (citing AR 445).  From January 2015 to July 2015, the physical examinations of Petitioner showed normal findings for gait, ambulation, strength, sensation, and range of motion.  AR 436-437, 443, 445, 448, 453, 456.  Further, by August 2015, medical records showed that Petitioner denied back pain and did not report experiencing back pain again until 2019.  AR 478, 594, 803, 842, 855, 865, 876, 881, 889.  Thus, when considering the record as a whole, there was substantial evidence that Petitioner's symptom allegations were inconsistent with the objective medical evidence and diagnostic imaging, and the ALJ was entitled to rely on this evidence to discount Petitioner's subjective symptom testimony.

Next, there was substantial evidence in the record that Petitioner had shown improvement in her IBS symptoms after treatment and medication in 2012, which the ALJ was entitled to rely on to discount Petitioner's subjective complaints.  *See* 20 C.F.R. § 416.929(c)(3)(iv)-(v) ("An ALJ may discount a claimant's subjective complaints if the record shows effective treatment.")  More broadly, "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Here, Petitioner has had multiple diagnoses concerning her pain complaints, including severe IBS and a fractured vertebra.  AR 18-19 (citing AR 315).  Contrary to Petitioner's hearing testimony, the medical records from March of 2012 show that she had reported that, prior to the alleged onset date, medication such as Loperamide and Amitriptyline was effective in alleviating diarrhea.  AR 21, 419, 423.  Further, the

**MEMORANDUM DECISION AND ORDER - 12**

medical records from March 2012 and July 2012 demonstrate that the medication was helpful in lessening her experience with diarrhea, and with such alleviating results, she remarked feeling "much better" and "feeling good mentally and physically." AR 21, 423. In reference to Petitioner's back injury, completing the recommended physical therapy and wearing the full back brace "greatly improved" her symptoms. Throughout her course of rehabilitative therapy, Petitioner wore the brace from May 2015 to July 2015, rendering Petitioner able to demonstrate good mechanics when performing functional activities and controlling her pain symptoms. AR 61, 453-454.

    The Court is mindful that "[r]eports of 'improvement'" must be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). But when considering the record as a whole, there was substantial evidence here that Petitioner's treatment for IBS in 2012 was having some positive effect, and the ALJ was entitled to rely on this evidence to discount Petitioner's subjective symptom testimony.

    There was also substantial evidence that Petitioner's alleged limitations were inconsistent with the objective evidence of reported activities in the record. "The mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001). However, an ALJ may discount a claimant's subjective symptom

testimony that (1) contradicts her other testimony and (2) meets the threshold for transferable work skills. *Orn*, 495 F.3d at 639.

Although the Social Security Administration does not require claimants to "be utterly incapacitated to be eligible for benefits," daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Fair v. Bowen*, 885 F.2d 597, 603 (1989) (emphasis omitted) (emphasis omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (stating that adverse credibility finding based on activities may be proper "if a claimant engages in numerous daily activities involving skills that could be transferred to the workplace"). "More realistically, if, despite [her] claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." *Fair*, 885 F.2d at 603.

Here, there is substantial evidence to support the ALJ's conclusion that Petitioner's admitted daily activities were "transferable" to a work setting and proof that Petitioner spent a "substantial" part of her day engaged in transferable skills. *See Fair*, 885 F.2d at 603. The ALJ must make "specific findings relating to [the daily] activities" and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Burch*, 400 F.3d at 681. In the record, Petitioner reported starting a rigorous exercise routine, lifting heavy boxes, and caring for her elderly mother and a young child during the relevant time period. AR 52, 445, 447, 455.

**MEMORANDUM DECISION AND ORDER - 14**

Given Petitioner's reported daily activities, there was substantial evidence to support the ALJ's finding that Petitioner can engage in "medium work." Medium work involves lifting or carrying 50 pounds and frequently lifting or carry objects of 25 pounds. AR 19. Although Petitioner alleged pain, she reported performing household chores and other activities that exceed the physical tasks required of her past relevant work as a logistics engineer, which is classified as sedentary work. Thus, when considering the record as a whole, there was substantial evidence that Petitioner's daily activities were "transferable" to at least a sedentary work setting, and the ALJ was entitled to rely on this evidence to discount Petitioner's subjective symptom testimony.

Even if other reasonable explanations of the subjective symptom testimony outside of the ALJ's conclusion exist, the ALJ's interpretation is supported by substantial evidence in the record. When the ALJ's interpretation of the evidence is reasonable and supported by substantial evidence, the Court should not relitigate it, even if other reasonable interpretations exist. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ's interpretation is well-supported by the evidence specified by the ALJ, and the Court will affirm the ALJ's conclusion that the Petitioner's symptom testimony was inconsistent with the medical evidence and daily activities.

## II.     Residual Functional Capacity Finding

### A.     Legal Standard

The RFC is the most a person can do despite her physical or mental impairments. *See* 20 C.F.R. § 404.1545. "The ALJ assesses a claimant's RFC based on all the relevant evidence in [the] case record." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017)

**MEMORANDUM DECISION AND ORDER - 15**

(quotations and citations omitted). In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. 20 C.F.R. § 404.1545; *see also* Social Security Ruling ("SSR") 96-8p, available at 1996 WL 374184. When assessing a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008) (affirming the ALJ's translation of moderate functional limitations into the claimant's RFC). "Only limitations supported by substantial evidence must be incorporated into the RFC, and, by extension, the dispositive hypothetical question posed to the VE." *Kimberley A. v. Kijakazi*, No. 2:20-CV-01802-SB WL 19203, at *5 (D. Or. Jan. 3, 2022) (citations omitted).

When formulating a claimant's RFC, an ALJ must assess all the evidence, such as the claimant's and others' descriptions of limitation, and medical reports, to determine what capacity the claimant has for work despite his or her impairment(s). *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). The ALJ considers a claimant's ability to meet physical and mental demands, sensory requirements, and other functions. *See* 20 C.F.R.§§ 404.1545(b)–(d), 416.945(b)–(d).

B.   *Analysis*

At the hearing before the ALJ, the ALJ asked the vocational expert ("VE") several hypothetical questions involving an individual with the same age, education, work experience, and RFC as Petitioner. AR 65-70. The VE responded that, within the

**MEMORANDUM DECISION AND ORDER - 16**

hypothetical framework that the ALJ posed, someone with those limitations and capabilities would be able to perform Petitioner's past relevant work, as well as three jobs in the medium work range available in the national economy. *Id.*

Petitioner argues that the ALJ failed to pose hypothetical questions to the VE that encompassed all of Petitioner's limitations, because the ALJ (1) improperly discredited Petitioner's subjective symptom testimony and (2) ignored relevant medical opinion evidence. Pet.'s Open. Br. 16-17. In *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988), the Ninth Circuit held that, if an ALJ's hypothetical to a VE is unsupported by the record and does not reflect all of a claimant's limitations, the VE's opinion has no evidentiary value and cannot support the ALJ's decision. *Id.* at 243. That was not the case here.

In this case, the ALJ's hypothetical questions to the VE were both supported by the record and reflected all of Petitioner's limitations. As recounted above, the ALJ's reasons for discrediting Petitioner's subjective symptom testimony did not constitute legal error and was supported by substantial evidence. Additionally, the ALJ's assessment of medical opinions was proper.

Although Petitioner argues that the medical record supports a finding of severe IBS, Pet.'s Open. Br. 17, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds*, 807 F.3d at 1006. A claimant's RFC is not a medical issue dependent on a physician's opinion, but rather, an administrative finding based on evidence available in the entire record. 20 C.F.R. § 404.1546(c); SSR 96-5p, available at 1996 WL 374183, at *5. When formulating an RFC, the ALJ can utilize a wide range of evidence available in the record, including reports of daily activities, lay

**MEMORANDUM DECISION AND ORDER - 17**

evidence, medical source statements, the effects of treatment, recorded observations, and other evidence. SSR 96-8p, available at 1996 WL 374814, at *5.

Therefore, Petitioner's contention, more narrowly construed, is that the ALJ failed to account for all of Petitioner's limitations in the RFC. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). But here, as noted above, the ALJ referenced treatment records, Petitioner's improvement with treatment, and Petitioner's statements made to medical providers during the relevant time period to determine that she was capable of medium work. AR 18-19. Further, although the ALJ properly discounted Petitioner's subjective symptom testimony in the absence of medical evidence supporting the severity of IBS symptoms alleged, the ALJ formulated an RFC that accounted for proximity to a restroom and off-task limitations for frequent restroom breaks. Ultimately, the ALJ had sufficient evidence in the record to determine Petitioner's limitations and ability to perform medium work

In summary, the ALJ's description of Petitioner's impairments to the VE fully and accurately encompassed all of Petitioner's limitations, and the VE's testimony regarding the occupations Petitioner can perform was supported by sufficient and substantive evidence in the record.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court will affirm the Commissioner's decision.

**ORDER**

The Court being otherwise fully advised, it is hereby **ORDERED** that the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the Petition for Review is **DISMISSED**.

DATED: September 29, 2022

Honorable Candy W. Dale
United States Magistrate Judge